73   17<br>126  270

[No. 11961.   Department One. — June 30, 1887.]

## FRANCISCO PICO, APPELLANT, v. J. J. WARNER ET AL., RESPONDENTS.

MEXICAN GRANTS — CONFIRMATION — TRUST — EXTINGUISHMENT OF. — The land in controversy was included within the limits of two conflicting Mexican grants, which had been respectively made to one Pico and to the defendant Warner. In 1852 Pico executed to Warner a power of attorney authorizing him to dispose of the land. Subsequently Warner presented both of the grants for confirmation to the board of land commissioners appointed under the act of March 3, 1851, who confirmed the grant to him, and rejected the one to Pico. The decision of the board of land commissioners was affirmed by the United States District Court, and thereafter a patent was issued to Warner in pursuance of the con-

firmation. The rejection of the grant to Pico was not occasioned by any fault of Warner. *Held,* that upon the rejection of the grant to Pico, Warner ceased to be a trustee for him, and took the land discharged of any trust in his favor.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Byron Waters,* and *Leach & Parker,* for Appellant.

*Bicknell & White, Levi Chase,* and *O'Brien & Morrison,* for Respondents.

BELCHER, C. C.—This action was brought to quiet the plaintiff's title to a tract of land in San Diego County, containing 26,688 acres. The plaintiff claims title to the land under a Mexican grant, made to José Antonio Pico in 1840, and the defendants claim under a like grant, made to the defendant Warner in 1844. In the court below, the findings and judgment were in favor of the defendants. The plaintiff appealed, and the case comes here on the judgment roll.

The findings are in substance as follows: On the eighth day of June, 1840, the governor of California granted to José Antonio Pico the tract of land known as Agua Caliente, to the extent of four square leagues, the same being a part of the Valle de San José, which contained about ten square leagues, and is now situated in San Diego County.

On the twenty-eighth day of November, 1844, the governor of California granted to the defendant J. J. Warner the tract of land known as the Valle de San José, to the extent of six square leagues.

In January, 1852, Pico executed to Warner an instrument in writing, which reads as follows: " Know all men by these presents, that I, José A. Pico, resident of the city and county of San Diego and state of California, do

hereby make and nominate my trusty friend, Hon. J. J. Warner, my attorney in fact for me and in my name, to sell and dispose of a tract of land situated in San Diego County, being part of said Warner's ranch, and I hereby do give, grant, and convey the same unto him, so that he can convey the same in as ample a form as I can. The same is situated as aforesaid at Agua Caliente, as per title granted me by Juan B. Alvarado, governor of California, dated eighth day of June, 1840, and registered on the second leaf of the archives of the book of records of unoccupied lands, dated at Monterey, hereby ratifying all that he may lawfully do in the premises.

"Given under my hand and seal," etc.

In May, 1852, Warner duly presented to the board of land commissioners, appointed under the act of March 3, 1851, to ascertain and settle private land claims in the state of California, both of the grants before named for confirmation.

Thereafter the Pico grant was rejected, and the Warner grant was confirmed by the board, and on appeal to the United States District Court for California, the action and decision of the board in regard to each of the grants was duly affirmed.

In pursuance of the confirmation of the Warner grant, the United States, on the twentieth day of February, 1880, issued to Warner its patent for the premises described in the complaint, including the Agua Caliente tract, and other lands not embraced in the Pico grant.

Prior to the commencement of this action, José Antonio Pico conveyed to plaintiff, by deed duly executed, all his right, title, and interest in and to the lands embraced in the patent to Warner.

Upon these facts, counsel for appellant insist that the judgment was wrong and should be reversed. Their contention seems to be based upon the theory that the instrument executed by Pico to Warner in January, 1852, was a power of attorney, and that under it Warner

became the agent and trustee of Pico; that having as such agent and trustee presented the Pico grant for confirmation, and having prosecuted the claim until the grant was found to be invalid and was rejected, Warner could not afterward take the land covered by it, under his own grant, and having done so, must be deemed to hold the title to the land in trust for Pico, and the plaintiff, as his grantee.

We do not see how this theory can be supported. It is not alleged or claimed that Warner was an unfaithful agent, or that the grant was rejected because of any want of diligence on his part in seeking its confirmation, and the contrary must therefore be assumed. Conceding, then, that he was the trustee of Pico, still, when the grant was rejected without his fault, the object of the trust became impossible, and his duties under it were completed. The trust was therefore extinguished, and he was discharged from all its obligations. (Civ. Code, secs. 2279, 2282.)

Whether the grant to Warner was properly located or not on land previously covered by the grant to Pico is a matter which does not concern the plaintiff. When that grant was confirmed, it became the duty of the government to locate it, and it must be presumed to have performed that duty properly. The plaintiff had no interest in the grant or in the land selected under it, and he cannot therefore be heard to question the government's action.

In our opinion the judgment should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.